IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ARTHUR L. BRIMS,

    Plaintiff,

vs.                             CIVIL ACTION NO.: CV610-053

LARRY BREWTON, Unit Manager,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement. Defendant filed a Pre-Answer Motion to Dismiss. (Doc. No. 11). Plaintiff filed a Response, and Defendant filed a Reply. (Doc. Nos. 18, 19). For the following reasons, Defendant's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts that on May 19, 2010, he received a bottom-bunk profile from a doctor, and produced his profile to Defendant on May 26, 2010. (Doc. No. 1). Plaintiff states that on May 31, 2010, he slipped and fell while climbing up to his bunk and hit his previously injured shoulder. (Id.). Plaintiff seeks monetary damages for pain and suffering. Defendant states Plaintiff's complaint should be dismissed for abuse of process, for failing to exhaust his administrative remedies, for failing to state a claim for an Eighth Amendment violation, and for failing to allege sufficient injury. (Doc. No. 11-

1). Defendant also claims he is entitled to qualified immunity and Plaintiff cannot pursue monetary damages against Defendant in his official capacity. (Id.).

## STANDARD OF REVIEW

In considering a motion to dismiss filed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, a court must determine whether a plaintiff's "[f]actual allegations [are] enough to raise the right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In making this determination, a court must construe the complaint in a light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002). Furthermore, all facts alleged by the plaintiff must be accepted as true. Id. at 406. When evaluating a motion to dismiss, the issue is not whether a plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986). The threshold is "'exceedingly low'" for a complaint to survive a motion to dismiss. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quoting Quality Foods de Centro America, S.A. v. America Agribusiness Devel., 711 F.2d 989, 995 (11th Cir. 1983)). A complaint filed by a *pro se* plaintiff is held to even less stringent standards than a complaint drafted by a lawyer. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (citing Conley, 355 U.S. at 45-46).

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a

AO 72A
(Rev. 8/82)

2

jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Id. (internal punctuation and citation omitted). A judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id.

## DISCUSSION AND CITATION TO AUTHORITY

The Prisoner Litigation Reform Act ("PLRA") mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a). "When a state provides a grievance procedure for its prisoners, . . . an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies under that procedure before pursuing a § 1983 lawsuit. Johnson v. Meadows, 418 F.3d 1152, 1156 (11th Cir. 2005). To exhaust administrative remedies in accordance with the PLRA, prisoners must "properly take each step in the administrative process." Id. at 1158. An inmate "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Id. Prison officials must have an opportunity to address the grievance internally and rule on the grievance before the inmate files a complaint in federal court. Id.

Within the Georgia Department of Corrections, the grievance procedure is a three-step process. Blackerby v. McNeil, 2008 WL 5209975, at *4 (S.D. Ga. Oct. 7, 2008). It commences with the filing of an informal grievance which must be filed within ten calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance." Id. If an inmate is unsatisfied with the resolution of his informal grievance, a formal grievance form must be submitted within five business

days. Id. The Warden has thirty calendar days to respond to the formal grievance. Id. If the inmate is not satisfied with the Warden's response, he has five business days to file an appeal; then, the Office of the Commissioner has ninety calendar days to respond. Id. The grievance procedure is terminated upon the issuance of an appeal response. Id.

In Turner v. Burnside, 541 F.3d 1097 (11th Cir. 2008), the Eleventh Circuit clarified how the lower courts are to examine the issue of exhaustion of administrative remedies. First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues . . . ." Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083. The Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case. See Bryant, 530 F.3d at 1376-77.

A review of Plaintiff's grievance history reveals that he filed Grievance # 52341 on June 3, 2010, regarding the allegations in the instant lawsuit. (Doc. No. 11-3, p. 4). After his informal grievance was denied, Plaintiff filed a formal grievance on June 22, 2010, that was reviewed and denied. (Id.). Plaintiff did not appeal the denial of his

AO 72A
(Rev. 8/82)

4

grievance to the Commissioner's Office. (Id.). Plaintiff filed the instant lawsuit on June 16, 2010. (Doc. No. 1). Plaintiff filed his complaint in the instant lawsuit six days before he filed his formal grievance. Plaintiff admits to this in his response to Defendant's Motion. (Doc. No. 13, p. 5). Because Plaintiff filed the instant suit before he filed his formal grievance, Plaintiff failed to avail himself of the entire administrative process. As Plaintiff failed to exhaust his administrative remedies with respect to this claim, Defendant's other arguments need not be addressed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**, without prejudice, due to Plaintiff's failure to exhaust his administrative remedies prior to filing suit.

**SO REPORTED AND RECOMMENDED**, this 16th day of February, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE